Edward G. Sponzilli, Esq.
Matthew C. Wells, Esq.
**NORRIS McLAUGHLIN, P.A.**
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ  08807
(908) 722-0700
Direct: (908) 252-4303
Fax: (908) 722-0755
Email: mcwells@norris-law.com
*Attorneys for Defendants The Trustees of Princeton University*
*(improperly pled as "Princeton Plasma Physics Laboratory"*
*and Princeton University Department of Public Safety), Martin Krzywicki,*
*Tyler Vandegrift, Kristina Tucker, Kevin Rhoades (incorrectly pled as "Kevin Rhodes"),*
*Peter Grossgold, and Robert Miller*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN DOE and JANE DOE, per quod, | : | Civil Action No.: 3:25-cv-16376-ZNQ-JTQ |
|  | : |  |
| Plaintiff, | : | Document Electronically Filed |
|  | : |  |
| v. | : |  |
|  | : | **ANSWER AND AFFIRMATIVE** |
| PRINCETON PLASMA PHYSICS | : | **DEFENSES** |
| LABORATORY, et al., | : |  |
|  | : |  |
| Defendants. | : |  |

Defendants The Trustees of Princeton University (improperly pled as "Princeton Plasma Physics Laboratory" and Princeton University Department of Public Safety) ("Princeton") Detective Martin Krzywicki, Officer Tyler Vandegrift, Corporal Kristina Tucker, Captain Kevin Rhoades (incorrectly pled as "Kevin Rhodes"), Peter Grossgold, and Robert Miller (collectively "Defendants"), by way of answer to the First Amended Complaint of Plaintiffs John Doe ("Plaintiff") and Jane Doe ("Mrs. Doe"), state as follows:

**INTRODUCTION**

1.     Defendants neither admit nor deny the allegations contained in Paragraph 1 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required.

2.     Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

**PARTIES**

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint, except to admit that Plaintiff was employed by PPPL from 2004 until he was terminated in 2024.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.     Defendant Princeton admits the allegations contained in Paragraph 5 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

6.     Defendant Princeton admits the allegations contained in Paragraph 6 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

7.     Defendants admit the allegations contained in Paragraph 7 of the Amended Complaint.

8.     Defendants neither admit nor deny the allegations contained in Paragraph 8 of the Amended complaint insofar as they set forth legal conclusions to which no response is required except to deny that Defendant Grossgold is an employee of the Princeton University Department of Public Safety.

9. Defendants neither admit nor deny the allegations contained in Paragraph 9 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required.

10. Defendant Krzywicki admits the allegations contained in Paragraph 10 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

11. Defendant Vandegrift admits the allegations contained in Paragraph 11 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

12. Defendant Tucker admits the allegations contained in Paragraph 12 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

13. Defendant Rhoades admits the allegations contained in Paragraph 13 of the Amended Complaint, except to deny that he was an employee of the PPPL fire department. Defendant Rhoades was, at all relevant times, Captain of PPPL's Site Protection Division. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

14. Defendant Grossgold admits the allegations contained in Paragraph 14 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

15. Defendant Miller admits the allegations contained in Paragraph 15 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

## JURISDICTION AND VENUE

16.    Defendants neither admit nor deny the allegations contained in Paragraph 16 of the Amended Complaint insofar as they consist of legal conclusions to which no responses is required, except to admit that the actions alleged in the Amended Complaint took place in New Jersey.

17.    Defendants neither admit nor deny the allegations contained in Paragraph 17 of the Amended Complaint insofar as they consist of legal conclusions to which no responses is required.

18.    Defendants neither admit nor deny the allegations contained in Paragraph 18 of the Amended Complaint insofar as they consist of legal conclusions to which no responses is required.

## RESPONSE AS TO STATEMENT OF FACTS

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations Contained in Paragraph 19 of the Amended Complaint, except to deny these allegations to the extent they consist of subjective characterizations of Plaintiff's job performance, or whether he was law abiding.

20.    Defendant Princeton admits the allegations contained in Paragraph 20 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

21.    Defendant Princeton admits the allegations contained in Paragraph 21 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

22.     Defendant Princeton admits that at one time Plaintiff served as a member of the Champion Safety Committee. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     Defendant Princeton admits that Plaintiff received promotions throughout his employment with Princeton during prior Human Resources administrations which did not adequately assess accountability. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant Princeton denies the allegations contained in Paragraph 24 of the Amended Complaint, as Plaintiff was eligible for retirement at the time of his termination. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

25.     Defendants admit that Princeton University maintains a zero-tolerance policy for workplace violence, but deny the allegation contained in Paragraph 25 that such policy is rarely, if ever, enforced.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint. To the extent a response is required, Defendants deny these allegations as policies are readily available through Human relations websites.

28.    Defendants Princeton, Grossgold, Rhoades, and Miller deny the allegations contained in Paragraph 28 of the Amended Complaint. Defendants Krzywicki, Tucker, and Vandegrift lack knowledge or information sufficient to form a belief as to the truth of these allegations.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint except to admit that Plaintiff never reported a violation of policy or complained about alleged jokes about race, politics, firearms, or religion. To the extent a response is required, Defendants deny these allegations.

30.    Defendant Princeton denies the allegations contained in Paragraph 30 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

31.    Defendant Princeton denies the allegations contained in Paragraph 31 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

32.    Defendant Princeton lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, which do not provide sufficient detail regarding the nature or participants in the alleged altercation. To the extent a response is required Defendant Princeton denies these allegations. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendant Princeton denies the allegations contained in Paragraph 33 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

34.     Defendant Princeton denies the allegations contained in Paragraph 34 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

35.     Defendant Princeton denies the allegations contained in Paragraph 35 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

36.     Defendant Princeton denies the allegations contained in Paragraph 36 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

37.     Defendant Princeton denies the allegations contained in Paragraph 37 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

38.     Defendant Princeton denies the allegations contained in Paragraph 38 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint. To the extent a response is required, Defendants deny these allegations.

40.     Defendant Princeton denies the allegations contained in Paragraph 40 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

41.     Defendant Princeton denies the allegations contained in Paragraph 41 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

42.     Defendant Princeton denies the allegations contained in Paragraph 42 of the Amended Complaint, except it is without knowledge or information sufficient to know whether Plaintiff contacted the DOE Inspector General. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

43.     Defendant Princeton denies the allegations contained in Paragraph 43 of the Amended Complaint. The remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

44.     Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants admit the allegations contained in Paragraph 45 of the Amended Complaint, except to deny that the fire alarm on July 10, 2025 was a drill. The fire alarm was a valid emergency, requiring fire service response, building evacuation, and an investigation.

46.     Defendants admit, upon information and belief, that Plaintiff was speaking with colleagues during the fire alarm, but lacks knowledge or information sufficient to form a belief as to the truth of the specific topics of conversation alleged in Paragraph 46 of the Amended Complaint, except that Joseph Winston was a part of that conversation. Defendant Miller overheard this conversation and he heard Plaintiff say he was going to shoot his supervisor

(Michael Viola) or someone else. Defendant Miller also reminded Plaintiff that they just had a seminar on "concerning statements," particularly because Plaintiff owned guns.

47.    Defendants admit the allegations contained in Paragraph 47 of the Amended Complaint. Specifically, Defendant Miller overheard Plaintiff say words to the effect of "I'd like to shoot Mike or somebody else," referring to Plaintiff's supervisor, Mike Viola. Defendant Miller did not take Plaintiff's statements to be a joke, particularly, because Defendant Miller knew Plaintiff owned guns.

48.    Defendant Miller admits that he confronted Plaintiff and told Plaintiff that his comments were inappropriate, after overhearing Plaintiff state he would like to shoot his supervisor or someone else, but denies the allegation contained in Paragraph 48 of the Amended Complaint that Defendant Miller was upset by Second Amendment and gun-related decals on Plaintiff's vehicle.

49.    Defendants admit the allegations contained in Paragraph 49 of the Amended Complaint, except to deny that it was Defendant Miller who reported Plaintiff's statements to HR, as it was Plaintiff's manager, Michael Viola, who reported same. Defendants also deny these allegations to the extent they consist of subjective characterizations of Plaintiff's relationship with the referenced colleague.

50.    Defendant Miller denies the allegations contained in Paragraph 50 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

51.    Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint as Defendant Miller heard the statements himself.

52. Defendant Miller denies the allegations contained in Paragraph 52 of the Amended Complaint as stated. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint. Contrary to Plaintiff's allegations, Defendants conducted a thorough and complete investigation into the incident as the threat to kill someone, especially in times such as ours, must be taken seriously so as to protect public safety.

54. Defendant Rhoades admits the allegations contained in Paragraph 54 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

55. Defendant Rhoades admits that Plaintiff was required to undergo evaluation at PPPL Occupational Medicine Office ("OMO"). In response, Plaintiff became verbally belligerent, so Defendant Rhoades warned Plaintiff that, as instructed by management, Plaintiff's options were to go to OMO or the police would be called. Plaintiff then agreed to be transported to OMO. Defendant Rhoades denies the allegations of a "lack of any evidence of imminent danger...", and that the absence of prior violations a reason to not take a threat seriously. Defendant Rhoades denies the remaining allegations contained in Paragraph 55 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

56. Defendant Rhoades admits the allegations contained in Paragraph 56 of the Amended Complaint, to the extent that the OMO doctor who evaluated Plaintiff determined that Plaintiff should be transferred to the hospital for psychiatric evaluation. The remaining

Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

57.     Defendants Rhoades and Grossgold admit that Plaintiff was taken via ambulance for further evaluation at Penn Medicine Center, but deny the remaining allegations contained in Paragraph 57 of the Amended Complaint including, but not limited to, that any force was used to transport Plaintiff to the hospital. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

58.     Defendants do not admit nor deny the allegations contained in Paragraph 58 of the Amended Complaint as they are not directed at Defendants, except to admit that Plaintiff was discharged from Penn Medicine Center.

59.     Defendant Rhoades denies the allegations contained in Paragraph 59 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

60.     Defendants Rhoades and Grossgold admit the allegations contained in Paragraph 60 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

61.     Defendants admit that Plaintiff was arrested at his home by the Princeton University Department of Public Safety Police based on what they deemed a threat, but deny the remaining allegations contained in Paragraph 61 of the Amended Complaint.

62.     Defendant Princeton admits that on July 12, 2024, Michelle Heintz, Chief Human Resources Officer of PPPL sent an email to all employees advising that on Wednesday, July 10, 2024 there was an incident that resulted in a response from PPPL's Site Protection Division and Emergency Services Unit, Princeton University Department of Public Safety, and the Plainsboro

Police Department, and an investigation was conducted and after appropriate actions were taken in accordance with Laboratory policies, it was determined that there was no imminent danger to anyone onsite. Defendant Princeton denies these allegations to the extent they imply any wrongdoing or liability on the part of Princeton. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

63.    Defendant Krzywicki admits the allegations contained in Paragraph 63 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

64.    Defendant Krzywicki denies the allegations contained in Paragraph 64 of the Amended Complaint, except that Miranda warnings are only required if statements from a person taken into custody are later sought to be admissible in Court. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

65.    Defendant Krzywicki admits that he requested a warrant after receiving approval to do so from the County Prosecutor, but denies the allegations contained in Paragraph 65 of the Amended Complaint to the extent they imply any wrongdoing or liability on the part of Defendant Krzywicki.  The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

66.    Defendant Krzywicki admits that Plaintiff, upon his release from the hospital, told Defendants Rhoades and Grossgold that "it was time for payback.". The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

67.    Defendants Krzywicki, Vandegrift, and Tucker deny the allegations contained in Paragraph 67 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

68.     Defendant Krzywicki denies the allegations contained in Paragraph 68 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

69.     Defendants neither admit nor deny the allegations contained in Paragraph 69 of the Amended Complaint insofar as they are not directed at Defendants, except that Defendant Grossgold did not perceive the statement as a threat of violence, but the Middlesex County Prosecutors Office did regard Plaintiff's statement as a terroristic threat.

70.     Defendant Krzywicki denies the allegations contained in Paragraph 70 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

71.     Defendant Krzywicki admits that the warrant included references to Plaintiff's ownership of handguns, but denies the remaining allegations contained in Paragraph 71 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

72.     Defendant Krzywicki admits the allegations contained in Paragraph 72 of the Amended Complaint, except to deny them to the extent they imply any wrongdoing or liability on the part of Defendant Krzywicki. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

73.     Defendant Krzywicki denies the allegations contained in Paragraph 73 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

74.     Defendant Krzywicki denies the allegations contained in Paragraph 74 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

75.     Defendant Krzywicki lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff's Ring camera does or does not show. To the extent a response is required, Defendant Krzywicki denies the allegations contained in Paragraph 75 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

76.     Defendant Grossgold admits that he did not file criminal charges, nor notify federal law enforcement, but denies the remaining allegations contained in Paragraph 76 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

77.     Defendant Krzywicki admits that per approval of the County Prosecutor he applied for and obtained a Temporary Extreme Risk Protection Order ("TERPO"), but denies the remaining allegations contained in Paragraph 77 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

78.     Defendants neither admit nor deny the allegations contained in Paragraph 78 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint except to admit that upon information and belief Plaintiff was arrested on or about July 10, 2024.

79.     Defendants neither admit nor deny the allegations contained in Paragraph 79 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, Defendants admit the allegations contained in Paragraph 79 of the Amended Complaint, except to deny these allegations to the extent they imply any wrongdoing or liability on the part of Defendants.

80.     Defendant Krzywicki admits the allegations contained in Paragraph 80 of the Amended Complaint, except to deny these allegations to the extent they imply any wrongdoing or liability on the part of Defendant Krzywicki.

81.     Defendants neither admit nor deny the allegations contained in Paragraph 81 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, Defendants admit that the Court ultimately dismissed the TERPO.

82.     Defendants neither admit nor deny the allegations contained in Paragraph 82 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, upon information and belief Defendants admit that the charges against Plaintiff were dismissed.

83.     Defendants neither admit nor deny the allegations contained in Paragraph 83 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, upon information and belief Defendants admit that the charges against Plaintiff were dismissed.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Defendants neither admit nor deny the allegations contained in Paragraph 85 of the Amended Complaint insofar as they do not relate to them.

86.     Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Defendant Princeton admits that Plaintiff was terminated following the incident, but denies the allegations contained in Paragraph 87 of the Amended Complaint to the extent they imply any wrongdoing or liability on the part of Defendant PPPL. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

88.     Defendant Princeton denies the allegations contained in Paragraph 88 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

89.     Defendant Princeton denies the allegations contained in Paragraph 89 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

90.     Defendant Princeton admits that following the incident, Plaintiff emailed Michelle Heintz, Chief Human Resources Officer of PPPL, requesting reinstatement. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

91.     Defendant Princeton admits the allegations contained in Paragraph 91 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

92.     Defendant Princeton admits the allegations contained in Paragraph 92 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

93.    Defendant Princeton denies the allegations contained in Paragraph 93 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

94.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint.

95.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Amended Complaint.

98.    Defendant Princeton denies the allegation contained in Paragraph 98 of the Amended Complaint that Princeton contested Plaintiff's unemployment claim. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

99.    Defendants neither admit nor deny the allegations contained in Paragraph 99 of the Amended Complaint as they are not directed at Defendants.

100.    Defendants neither admit nor deny the allegations contained in Paragraph 100 of the Amended Complaint insofar as they are not directed at Defendants. To the extent a response is required, Defendant Krzywicki admits that the warrant applications referenced Plaintiff's firearms ownership and Second Amendment decals, except to deny these allegations to the extent they imply any wrongdoing or liability on the part of Defendant Krzywicki.

17

101.    Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Defendant Krzywicki denies the allegations contained in Paragraph 104 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

105.    Defendants deny the allegations contained in Paragraph 105 of the Amended Complaint.

106.    Defendants admit that PUDPS is a department of Princeton University and that their police officers are certified by the New Jersey Police Training Commission as sworn officers employed by a private entity, but denies the remaining allegations contained in Paragraph 106 of the Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Defendants neither admit nor deny the allegations contained in Paragraph 108 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Defendant Princeton admits that its police officers are certified by the New Jersey State Training Commission as sworn police officers, except that same are employed by a private entity.

**RESPONSES AS TO COUNT 1**

**Alleged False Arrest**

113.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

114.    Defendants admit that Plaintiff voluntarily underwent psychiatric evaluation following the incident at issue herein, but deny the remaining allegations contained in Paragraph 114 of the Amended Complaint.

115.    Defendant Krzywicki admits that on or about July 10, 2024 he arrested Plaintiff, but denies the remaining allegations contained in Paragraph 115 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

116.    Defendant Krzywicki admits the allegations contained in Paragraph 116 of the Amended Complaint, except to deny these allegations to the extent they imply any wrongdoing or liability on the part of Defendant Krzywicki. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

117.    Defendant Krzywicki denies the allegations contained in Paragraph 117 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

118.    Defendant Krzywicki denies the allegations contained in Paragraph 118 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

119.    Defendant Princeton admits that on July 12, 2024, after Plaintiff was arrested, Michelle Heintz, Chief Human Resources Officer of PPPL sent an email to all employees advising that on Wednesday, July 10, 2024 there was an incident that resulted in a response from PPPL's Site Protection Division and Emergency Services Unit, Princeton University Department of Public Safety, and the Plainsboro Police Department, and an investigation was conducted and after appropriate actions were taken in accordance with Laboratory policies, it was determined that there was no imminent danger to anyone onsite. Defendant Princeton denies these allegations to the extent they imply any wrongdoing or liability on the part of Princeton. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

120.    Defendant Krzywicki denies the allegations contained in Paragraph 120 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

121.    Defendants neither admit nor deny the allegations contained in Paragraph 121 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Defendants admit, upon information and belief, that the charges against Plaintiff were dismissed by the Middlesex County Prosecutor's Office, the same entity that brought the charges, but deny the remaining allegations contained in Paragraph 123 of the Amended Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Amended Complaint, except to admit that Defendant Krzywicki, as a sworn police officer, employed by a private entity, had the legal authority to make an arrest.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT II

### As to Allegations of Unreasonable Seizure/Deprivation of Liberty

128.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

129.    Defendants admit that Plaintiff was required to undergo psychiatric evaluation following the incident at issue herein, but deny the remaining allegations contained in Paragraph 129 of the Amended Complaint.

130.    Defendants Grossgold and Rhoades admit that they were present for Plaintiff's evaluation at OMO, but deny that they were present during Plaintiff's evaluation at Princeton Medical Center.  Plaintiff was transported to Princeton Medical Center via ambulance while Rhoades followed separately. Upon arrival, Plaintiff was turned over to the hospital security. Following the evaluation, Plaintiff contacted Defendant Rhoades to inform Rhoades that he was being released from the hospital. Rhoades and Grossgold met Plaintiff at the hospital and PPPL paid for an Uber to drive Plaintiff home. Defendants Grossgold and Rhoades deny the remaining allegations contained in Paragraph 130 of the Amended Complaint, including that Plaintiff was at any time in custody. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

131.    Defendants Rhoades and Grossgold deny the allegations contained in Paragraph 131 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

132.    Defendants neither admit nor deny the allegations contained in Paragraph 132 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Defendants deny the allegations contained in Paragraph 134 of the Amended Complaint.

135.    Defendants admit, upon information and belief, that the charges against Plaintiff were dismissed by the charging entity, the Middlesex County Prosecutor's Office, but deny the remaining allegations contained in Paragraph 135 of the Amended Complaint.

136.    Defendant Krzywicki denies the allegations contained in Paragraph 136 of the Amended Complaint. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

137.    Defendants deny the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations contained in Paragraph 139 of the Amended Complaint, except to admit that Defendants Krzywicki, Tucker, and Vandegrift were sworn police officers employed by a private entity and therefore had the legal authority to arrest.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT III

### As to Allegations of Abuse of Process

140.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

141.    Defendants deny the allegations contained in Paragraph 141 of the Amended Complaint except to admit that Defendants Krzywicki, Tucker, and Vandegrift were sworn police officers, employed by a private entity, and therefore had the legal authority to arrest.

142.    Defendants deny the allegations contained in Paragraph 142 of the Amended Complaint, except to admit that Plaintiff's arrest was at the direction of the Middlesex County Prosecutor's Office.

143.    Defendants deny the allegations contained in Paragraph 143 of the Amended Complaint, except to admit that Plaintiff's arrest was at the direction of the Middlesex County Prosecutor's Office, which authorized the TERPO.

144.    Defendants deny the allegations contained in Paragraph 144 of the Amended Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Defendants neither admit nor deny the allegations contained in Paragraph 147 of the Amended Complaint insofar as they set forth legal conclusions to which no response is required.

148.    Defendants deny the allegations contained in Paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Amended Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Amended Complaint.

151.    Defendant Grossgold admits the allegations contained in Paragraph 151 of the Amended Complaint, except that Defendant Grossgold did not perceive the statement as a threat of violence, but the Middlesex County Prosecutors Office did regard Plaintiff's statement as a terroristic threat. The remaining Defendants neither admit nor deny these allegations as they are not directed at the remaining Defendants.

152.    Defendants deny the allegations contained in Paragraph 152 of the Amended Complaint.

153.    Defendants neither admit nor deny the allegations contained in Paragraph 153 of the Amended Complaint insofar as it sets forth legal conclusions to which no response is required.

154.    Defendants admit upon information and belief that the charges against Plaintiff were dismissed by action of the Middlesex County Prosecutor's Office, but deny the remaining allegations contained in Paragraph 154 of the Amended Complaint.

155.    Defendants admit upon information and belief that the TERPO against Plaintiff were dismissed but deny the remaining allegations contained in Paragraph 155 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT IV

### As to Allegations of Intentional Infliction of Emotional Distress

156.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

157.    Defendants deny the allegations contained in Paragraph 157 of the Amended Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Amended Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Amended Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Amended Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Amended Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Amended Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Amended Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Amended Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT V

### As to Allegations of Defamation

168.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

169.    Defendants deny the allegations contained in Paragraph 169 of the Amended Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Amended Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Amended Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Amended Complaint, except to admit that certain Defendants conveyed to the Middlesex County Prosecutor's Office true statements.

173.    Defendants deny the allegations contained in Paragraph 173 of the Amended Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Amended Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Amended Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Amended Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Amended Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Amended Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of the Amended Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of the Amended Complaint.

181.    Defendants deny the allegations contained in Paragraph 181 of the Amended Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT VI

### As to Allegations of Discrimination

183.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

184.    Defendants neither admit nor deny the allegations contained in Paragraph 184 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Amended Complaint.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Amended Complaint, except that Defendant Miller was aware that Plaintiff had a number of firearms.

186.    Defendant Princeton admits the allegations contained in Paragraph 186 of the Amended Complaint. The remaining defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

187.    Defendants deny the allegations contained in Paragraph 187 of the Amended Complaint.

188.    Defendants deny the allegations contained in Paragraph 188 of the Amended Complaint.

189.    Defendants deny the allegations contained in Paragraph 189 of the Amended Complaint.

190.    Defendants deny the allegations contained in Paragraph 190 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT VII

### As to Allegations of CEPA Violations

191.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

192.    Defendants neither admit nor deny the allegations contained in Paragraph 192 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 192 of the Amended Complaint.

193.    Defendants neither admit nor deny the allegations contained in Paragraph 193 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 193 of the Amended Complaint.

194.    Defendants neither admit nor deny the allegations contained in Paragraph 194 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 194 of the Amended Complaint.

195.    Defendants deny the allegations contained in Paragraph 195 of the Amended Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Amended Complaint.

197.    Defendants deny the allegations contained in Paragraph 197 of the Amended Complaint.

198.    Defendants deny the allegations contained in Paragraph 198 of the Amended Complaint.

199.    Defendants neither admit nor deny the allegations contained in Paragraph 199 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 199 of the Amended Complaint.

200.    Defendants deny the allegations contained in paragraph 200 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT VIII

### As to Alleged Violations of Civil Rights

201.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

202.    Defendants admit the allegations contained in Paragraph 202 of the Amended Complaint, except to deny that Defendant Grossgold acted as a law enforcement officer.

203.    Defendants neither admit nor deny the allegations contained in Paragraph 203 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required, except to deny that Defendant Grossgold acted as a law enforcement officer or was in any way involved in Plaintiff's arrest.

204.    Defendants deny the allegations contained in Paragraph 204 of the Amended Complaint.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 205 of the Amended Complaint.

206.    Defendants deny the allegations contained in paragraph 206 of the Amended Complaint.

207.    Defendants deny the allegations contained in paragraph 207 of the Amended Complaint.

208.    Defendants deny the allegations contained in paragraph 208 of the Amended Complaint.

209.    Defendants deny the allegations contained in paragraph 209 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT IX

### As to Negligence Claim

210.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

211.    Defendants neither admit nor deny the allegations contained in Paragraph 211 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 211 of the Amended Complaint.

212.    Defendants deny the allegations contained in paragraph 212 of the Amended Complaint.

213.    Defendants deny the allegations contained in paragraph 213 of the Amended Complaint.

214.    Defendants deny the allegations contained in paragraph 214 of the Amended Complaint.

215.    Defendants deny the allegations contained in paragraph 215 of the Amended Complaint.

216.    Defendants deny the allegations contained in paragraph 216 of the Amended Complaint.

217.    Defendants deny the allegations contained in paragraph 217 of the Amended Complaint.

218.    Defendants deny the allegations contained in paragraph 218 of the Amended Complaint.

219.    Defendants neither admit nor deny the allegations contained in Paragraph 219 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 219 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT X

### As to Negligent Hiring and Training

220.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

221.    Defendants neither admit nor deny the allegations contained in Paragraph 221 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants deny these allegations except to admit that Defendant Princeton took reasonable care in hiring, retention, and training.

222.    Defendants neither admit nor deny the allegations contained in Paragraph 222 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants Princeton admits that its employees were properly qualified, trained, and supervised.

223.    Defendants deny the allegations contained in paragraph 223 of the Amended Complaint.

224.    Defendants deny the allegations contained in paragraph 224 of the Amended Complaint.

225.    Defendants deny the allegations contained in paragraph 225 of the Amended Complaint.

226.    Defendants deny the allegations contained in paragraph 226 of the Amended Complaint.

227.    Defendants deny the allegations contained in paragraph 227 of the Amended Complaint.

228.    Defendants deny the allegations contained in paragraph 228 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## RESPONSES AS TO COUNT XI

### As to Per Quod

229.    Defendants repeat and restate their responses to the preceding paragraphs, and incorporate them as if set forth at length herein.

230.    Defendants neither admit nor deny the allegations contained in Paragraph 230 of the Amended Complaint insofar as they set forth legal conclusions to which no responses is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 230, of the Amended Complaint.

231.    Defendants deny the allegations contained in paragraph 231 of the Amended Complaint.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Amended Complaint with prejudice, together with costs of suit and any other relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

In further answering by way of Affirmative Defenses, Defendants state that they will rely upon the following defenses, if applicable, and if supported by facts to be determined through appropriate discovery.

## FIRST SEPARATE DEFENSE

The Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims fail because Defendants complied with all applicable laws including, but not limited to, all governing statutes, regulations, and rules, and also acted consistent with common law and public policy.

## THIRD SEPARATE DEFENSE

The Amended Complaint is barred, in whole or in part, because Defendants' action or inaction concerning Plaintiff were based on legitimate, non-discriminatory and non-retaliatory reasons.

## FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants exercised reasonable care and due diligence to prevent discriminatory and retaliatory behavior.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants have established and complied with policies, programs and procedures to prohibit and prevent discriminatory, retaliatory and/or harassing behavior, conducted prompt and effective investigations of complaints, if any complaints were made, and otherwise complied with all legal requirements in handling such matters.

## SIXTH SEPARATE DEFENSE

Plaintiff does not set forth and cannot establish a prima facie case under the New Jersey Law Against Discrimination.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims fail as Defendants did not violate any statutory or other rights of Plaintiff. Defendants did not engage in any violation of the law and did not knowingly, intentionally, or recklessly disregard Plaintiff's statutory or common law rights.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims fail because Plaintiff cannot show he suffered any adverse employment action that was taken for a pretextual reason or reasons based on or related to his race, religion, or any other characteristic protected under the law.

## NINTH SEPARATE DEFENSE

Plaintiff's claims fail because Plaintiff cannot show that Defendants treated any similarly situated employee of a different protected characteristic more favorably than Plaintiff.

## TENTH SEPARATE DEFENSE

Plaintiff was not treated discriminatorily and suffered no adverse employment action based on his race, religion or any other protected characteristic.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims fail because Plaintiff cannot show that a discriminatory or retaliatory reason more likely than not motivated Defendants' action or inaction regarding Plaintiff's employment.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims fail because Defendants' action or inaction with regard to Plaintiff was not taken with the intent to discriminate or retaliate.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants' alleged actions affecting the terms or conditions of Plaintiff's employment were privileged and justified, and motivated by legitimate, non-discriminatory, non-retaliatory reasons; and any conduct of which Plaintiff complains of or which is attributed to Defendants was a just and proper exercise of management discretion, undertaken for lawful, fair and honest reasons, in good faith and without malice, and as a result of business necessity.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred because Defendants exercised reasonable care and diligence to prevent discriminatory and/or retaliatory behavior.

## FIFTEENTH SEPARATE DEFENSE

Any alleged wrongful acts and/or incidents and/or occurrences and/or breaches complained of by Plaintiff did not occur as stated by Plaintiff or did not occur at all.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by release.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by consent.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by acquiescence.

## TWENTIETH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's claims are barred by estoppel.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata.

## TWEENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Parol Evidence Rule.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

## TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, or his right to recovery must be diminished, by reason of his wrongful or other improper conduct.

## TWENTY-NINETH SEPARATE DEFENSE

Defendants did not owe any duty to Plaintiff and if they did owe any alleged duty, Defendants did not breach any such alleged duty.

## THIRTIETH SEPARATE DEFENSE

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Amended Complaint, the same was caused by the supervening or intervening events or conduct of persons

other than Defendants for whose conduct Defendants are not responsible, or with whom Defendants have no legal relation or legal duty to control.

## THIRY-FIRST SEPARATE DEFENSE

Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom Defendants had no control or right to control and whose actions therefore are not imputable to Defendants.

## THIRTY-SECOND SEPARATE DEFENSE

Defendants did not proximately cause Plaintiff's alleged damages.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

## THIRTY-FOURTH SEPARATE DEFENSE

The conduct complained of was caused by the actions and/or inactions of the Plaintiff for which Defendants can bear no responsibility.

## THIRTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are frivolous, malicious, vexatious, and made in bad faith. Consequently, Defendants are entitled to an award of attorneys' fees.

## THIRTY-SIXTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages as he cannot show that Defendants engaged in any behavior that was either egregious or malicious.

**THIRTY-SEVENTH SEPARATE DEFENSE**

Plaintiff is not entitled to punitive damages as he cannot show that Defendants engaged in especially egregious behavior.

**THIRTY-EIGHTH SEPARATE DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, by the provisions of the New Jersey Punitive Damages Act, <u>N.J.S.A.</u> 12A:15-5.9, <u>et seq.</u>, <u>N.J.S.A.</u> 59:9-2(c) and the Fifth and Fourteenth Amendments to the United States Constitution.

**THIRTY-NINETH SEPARATE DEFENSE**

Plaintiff cannot establish that Defendants conduct was outrageous.

**FORTIETH SEPARATE DEFENSE**

Plaintiff's claims are barred as he was an at-will employee.

**FORTY-FIRST SEPARATE DEFENSE**

Plaintiff's claims fail because the law enforcement actions taken against Plaintiff were appropriate and lawful responses to Plaintiff's own conduct.

**FORTY-SECOND SEPARATE DEFENSE**

Defendants justifiably and reasonably relied and were legally obligated to obey the legal opinion and dictates of the Middlesex County Prosecutor's Office, under whose authority Plaintiff was arrested and prosecuted.

**FORTY-THIRD SEPARATE DEFENSE**

Plaintiff's alleged damages are attributed to Plaintiff's own conduct.

## FORTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by reason of the failure to comply with the notice provisions of the New Jersey Tort Claims Act and Plaintiffs' failures to comply with the requirements of N.J.S.A. 59:8-1 through 59:8-11.

## FORTY-FIFTH SEPARATE DEFENSE

The Amended Complaint contains insufficient information to permit Defendants to raise all appropriate defenses and, therefore, Defendants reserve the right to amend and/or supplement this Answer with additional defenses.

WHEREFORE, Defendants demand judgment dismissing Plaintiff's Complaint together with interest, attorney's fees, costs of suit and any other relief the Court deems equitable and just.

> **NORRIS McLAUGHLIN, P.A.**
> *Attorneys for Defendants The Trustees of Princeton University (improperly pled as "Princeton Plasma Physics Laboratory" and Princeton University Department of Public Safety), Martin Krzywicki, Tyler Vandegrift, Kristina Tucker, Kevin Rhoades (incorrectly pled as "Kevin Rhodes"),Peter Grossgold, and Robert Miller*

> By: */s/ Edward G. Sponzilli*
Dated: December 29, 2025                Edward G. Sponzilli, Esq.

## DEMAND FOR JURY TRIAL

Please take notice that demand is hereby made for a trial by a jury on all issues raised in the Amended Complaint.

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to L. Civ. R. 8.1, Defendants hereby demand that Plaintiffs furnish, within ten

(10) days after service of this Answer, a written statement of the amount of damages claimed.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants The Trustees of Princeton University (improperly pled as "Princeton Plasma Physics Laboratory" and Princeton University Department of Public Safety), Martin Krzywicki, Tyler Vandegrift, Kristina Tucker, Kevin Rhoades (incorrectly pled as "Kevin Rhodes"),Peter Grossgold, and Robert Miller*

By: */s/ Edward G. Sponzilli*

Dated: December 29, 2025            Edward G. Sponzilli, Esq.

## CERTIFICATION PURSUANT TO RULE 11.2

Pursuant to L. Civ. R. 11.2, the undersigned counsel for Defendants hereby certify that to

the best of their knowledge, this matter in controversy is not the subject of any other action

pending in any court, or of any pending arbitration or administrative proceeding contemplated,

nor are other parties required to be joined in this action.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants The Trustees of Princeton University (improperly pled as "Princeton Plasma Physics Laboratory" and Princeton University Department of Public Safety), Martin Krzywicki, Tyler Vandegrift, Kristina Tucker, Kevin Rhoades (incorrectly pled as "Kevin Rhodes"),Peter Grossgold, and Robert Miller*

By: */s/ Edward G. Sponzilli*

Dated: December 29, 2025            Edward G. Sponzilli, Esq.

43

## <u>CERTIFICATION</u>

It is hereby certified that the within Answer was filed within the time period allowed by

Local Civil Practice Rule 12 or any extension thereto.

**NORRIS McLAUGHLIN, P.A.**
*Attorneys for Defendants The Trustees of Princeton University (improperly pled as "Princeton Plasma Physics Laboratory" and Princeton University Department of Public Safety), Martin Krzywicki, Tyler Vandegrift, Kristina Tucker, Kevin Rhoades (incorrectly pled as "Kevin Rhodes"),Peter Grossgold, and Robert Miller*


By: */s/ Edward G. Sponzilli*

Dated: December 29, 2025          Edward G. Sponzilli, Esq.